UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. DEMARCO, | ) | Case No.: 4:17 CV 1376 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

## I. INTRODUCTION

Plaintiff Thomas E. DeMarco ("DeMarco") appeals the Acting Commissioner of Social Security's ("Commissioner") final decision denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423, *et seq.* ("Act"). (Compl., ECF No. 1.) On June 21, 2018, Magistrate Judge David A. Ruiz ("Magistrate Judge") submitted a report and recommendation ("R & R"), pursuant to Local Rule 72.2(b), recommending that the Commissioner's final decision be remanded to correct error committed by the Administrative Law Judge ("ALJ") at step four of the Act's five-step sequential analysis outlined in 20 C.F.R. § 404.1520. (*See* R & R 11–15, 24, ECF No. 19.) For the reasons stated herein, the court overrules the R & R to the extent that it recommends remand on that issue alone. Accordingly, the Commissioner's final decision is affirmed.

## II. BACKGROUND[1]

---

[1] A summary of the relevant factual and procedural background, including relevant medical evidence, can be found in the Magistrate Judge's R & R. (*See* R & R 3–8.)

In his Brief on the Merits, DeMarco asserted the following errors in the ALJ's findings:

> (1) the ALJ erred at step two by not finding that his psychological impairments of Bi-Polar I and/or Mood Disorder are severe impairments;
> (2) the ALJ erred at step four by not finding his past relevant work to be a "composite job"; and
> (3) the ALJ's failed to consider that, given DeMarco is in the age 60 category, in order to find that he is not disabled at step five, there must be a transferability of skills to the same or similar industry with little or no work adjustment.

(*See* DeMarco's Merit Br. 1, ECF No. 13; *see also* R & R 10; Tr. Proceedings 32, 34, 39, ECF No. 11.)

In response, the Commissioner argued that substantial evidence supported the ALJ's findings because: (1) DeMarco's psychological impairments are not severe given his "generally normal findings on mental status examinations, his wide range of activities, and the opinion of three state agency medical consultants"; (2) the vocational expert's ("VE") testimony at the hearing prior to the ALJ's decision supported the finding that DeMarco could return to his past work as a Vice President of Regional Sales; and (3) the ALJ's found in the alternative that DeMarco had transferable skills from his past work which, with little vocational adjustment, he could use to perform other jobs that exist in significant numbers in the national economy. (*See* Comm'r's Merit Br. 2, ECF No. 15.)

On June 21, 2018, the Magistrate Judge submitted the R & R, recommending that the Commissioner's final decision be remanded for further consideration solely on the issue raised in DeMarco's assignment of error at step four because the ALJ's "decision fails to articulate why DeMarco's past work was not a composite job, as the VE's testimony indicates." (*See* R & R 24.) Thus, the Magistrate Judge concludes that, although the ALJ made an alternative finding at step five

based on transferability of skills, "it would be reversible error for the ALJ to find that DeMarco could perform his past relevant work upon concluding he could perform only one part of the composite job." (*See id.* at 15.)

The Magistrate Judge went on to find that DeMarco's remaining two assignments of error are without merit because the ALJ's findings are supported by substantial evidence. (R & R 18, 23.) First, with respect to transferability of skills at step five, the Magistrate Judge explained that the ALJ properly relied on the VE's hearing testimony indicating that DeMarco's possesses "'highly marketable skills' that could be used in the food industry with little vocational adjustment." (*Id.* at 17.) The Magistrate Judge also noted that DeMarco's reliance on contrary opinions provided by a vocational expert in post-hearing evidence is not properly considered by this court regarding whether the ALJ's decision prior to the availability of that evidence was supported by substantial evidence. (*Id.*)

Second, the Magistrate Judge determined that the ALJ's decision to afford "no controlling weight, but rather little weight" to the opinions of DeMarco's treating psychiatrist Dr. Roerich at step two was appropriate where his opinions "were inconsistent with other evidence in the record, which indicated claimant has 'perfect cognition.'" (*See id.* at 22.) Moreover, the Magistrate Judge determined that the ALJ properly relied on the opinions of the state agency reviewing psychologists because, although additional medical evidence from Dr. Roerich became available after their opinions, "it is clear that the ALJ reviewed [that evidence]…before giving weight to the opinions of the non-examining sources." (*See id.* at 22–23.) On this basis, the Magistrate Judge concluded that the ALJ's findings that DeMarco's psychological impairments of bipolar disorder and mood disorder were not severe is supported by substantial evidence, even if other evidence in the record

could support the opposite conclusion. (*See id.* at 23.)

On July 3, 3018, the Commissioner filed an Objection ("Commissioner's Objection") to the R & R. (Comm'r's Obj., ECF No. 20.) In it, the Commissioner argues that this court should uphold the ALJ's finding at step five regarding transferability of work alone, because, given the ALJ's alternative finding, "whether or not the ALJ's step four finding was in error is not material." (*See id.* at 3.)

On July 5, 2018, DeMarco also filed an Objection to the R & R. (DeMarco's Obj., ECF No. 21.) There, DeMarco agrees that the matter should be remanded because substantial evidence does not support the ALJ's determination that his past work could be bifurcated and, thus, that he could perform one-half of the composite job. (*Id.* at 1.) However, DeMarco also argues that the Magistrate Judge improperly determined that substantial evidence supports the ALJ's findings at step two and five. (*Id.* at 1–2.) First, with respect to psychological impairment at step two, DeMarco argues that "[t]he Magistrate Judge's statement that regardless of whether substantial evidence could support the opposite conclusion, the ALJ's determination must stand, is incorrect." (*Id.* at 2.) Rather, DeMarco contends that if substantial evidence supports both conclusions equally, then remand is required. (*Id.*) Second, with respect to transferability of skills at step five, DeMarco argues that the matter must be remanded for a determination by a VE on aptitudes versus skills, because, for example, the Magistrate Judge improperly indicates that interacting with customers to determine product need is a skill, rather than an aptitude. (*Id.* at 1.)

### III. LAW AND ANALYSIS

When objections are filed to the Magistrate Judge's R & R, the court reviews the pertinent portions of the ALJ's decision *de novo*. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). A district

court's review of an ALJ's findings are "limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405–06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The ALJ's decision is supported by "substantial evidence" if a "reasonable mind might accept the relevant evidence as adequate to support the conclusion." *See id.* at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)) (internal quotations omitted). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id.* (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). For this reason, "if substantial evidence supports the ALJ's decision, this [c]ourt defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.* (quoting *Callahan*, 109 F.3d at 273) (internal quotations omitted).

Moreover, not every error made in an ALJ's findings warrants reversal of its decision. *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d at 654 (explaining that "courts are not required to convert judicial review of agency action into a ping-pong game where remand would be an idle and useless formality." (quoting *NLRB v. Wyman-Gordan Co.*, 394 U.S. 759 (1969) (internal quotations omitted))). For example, errors committed at steps two or three in the five-step sequential analysis may be considered harmless errors where substantial evidence supports an ALJ's finding of "not disabled" at later steps. *See Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 428 (6th Cir. 2007) (explaining that, even if the ALJ had made an erroneous finding at step two "such an erroneous finding was, at most, harmless error," where substantial evidence supported the ALJ's finding of "not disabled" at step four); *see also Collins v. Comm'r of Soc. Sec.*, 116 F.3d 1480, 1488–89 (6th

Cir. 1997) (table) (explaining that "it is perfectly acceptable for administrative law judges to make alternative findings" under the Act's five-step, sequential regulatory scheme).

The court disagrees with DeMarco that the ALJ made errors at steps two and five. First, in his step two analysis, the Magistrate Judge correctly stated the legal standard regarding "substantial evidence." DeMarco's interpretation of that standard is directly contradicted by controlling precedent which directs that, "[i]f the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citing *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)). Thus, regardless of whether substantial evidence supports the conclusion that DeMarco's psychological impairments are "severe," that is immaterial to whether reversal is warranted where, as here, substantial evidence supports the ALJ's final decision for the reasons stated in the R & R. (*See* R & R 18–23.)

Second, the court may not properly consider evidence that was submitted only after the ALJ's final decision because the "court's review is confined to evidence that was available to the ALJ." *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, DeMarco's implication that there may be varying opinions regarding aptitudes and skills at step five, is inapposite, where the VE present at the hearing testified as to what skills DeMarco's past work had allowed him to acquire. (*See* DeMarco's Obj. 1.) Moreover, the court is unpersuaded by DeMarco's attempt to categorize "interacting with customers to determine product need" as an aptitude, rather than a skill. (*Id.*) While, as a general matter, some people may have a natural inclination to get along with others (*e.g.*, some people may be naturally extroverted), having the ability to interact with others *in order to determine product need*, is certainly the type of learned ability relating to specific activities that

6

one acquires through work. *See Cole v. Sec. of Health & Human Servs.*, 820 F.2d 768, 773 (6th Cir. 1987) (explaining that "[a]n aptitude is an inclination, natural ability, or capacity to learn; a 'skill' is a learned ability to do a specific job.") But, this was not the only skill which the VE identified during their hearing testimony as being "highly transferable." The VE also identified the abilities to budget the requirements of trade shows, assist in making economic forecasts for the coming year, and assess the food market to determine the types of products that would be most likely to be used and marketable at those shows. (*See* Tr. Proceedings 95.) Further, the VE indicated that those skills were highly marketable for positions that are at the light level, which the ALJ identified as being within DeMarco's residual function capacity ("RFC"). (*See id*. at 95–96.) Accordingly, the court finds that DeMarco's objections to the R & R are without merit.

However, the court agrees with both the Magistrate Judge and DeMarco that the ALJ did not make a proper determination of whether DeMarco's past work constitutes a "composite job" at step four. Indeed, the ALJ did not address this issue at all in its decision. Yet, had the ALJ designated DeMarco's past work as a "composite job," the ALJ's finding that he "is able to perform it as generally performed," would be error. *See Geibig v. Comm'r Soc. Sec*., Case No. 16-14290, 2018 WL 1471443, at *8 (E.D. Mich. Mar. 26, 2018) (explaining that "[a] finding that the past relevant work is a composite job creates an exception to the rule that the [s]tep [f]our finding can be supported by the ability to do the job as actually performed or as generally performed in the national economy.") (citing SSR 82-61, 1982 WL 31386 (Jan. 1, 1982)).

The Commissioner's Objection does not directly address the validity of the Magistrate Judge's determination that the ALJ committed error at step four, but argues that any purported error is harmless, where the ALJ made an alternative finding at step five that is supported by substantial

7

evidence. (*See* Comm'r's Obj. 1–3.) The court agrees. Although it is true that substantial evidence did not support the ALJ's finding at step four because he did not properly address whether DeMarco's past work was a "composite job," any such error is harmless in light of the ALJ's alternative finding at step five that DeMarco's skills are transferable to other jobs that exist in substantial numbers in the national economy. *See Griffeth*, 217 F. App'x at 428. As previously discussed, that finding is supported by substantial evidence and, thus, would preclude a finding that DeMarco is "disabled," regardless of a favorable finding at step four.

Accordingly, after careful *de novo* review of the Magistrate Judge's R&R, and all other relevant documents in the record, the court finds that remand is not warranted under the circumstances of this case. The court agrees with the R & R to the extent that it concludes that: (1) the ALJ"s finding with respect to DeMarco's psychological impairments at step two is supported by substantial evidence; (2) the ALJ's finding at step four with respect to whether DeMarco's past work was a composite job is not supported by substantial evidence; and (3) the ALJ's finding with respect to the transferability of skills at step five is supported by substantial evidence. However, the court disagrees that the case should be remanded on the sole issue of whether DeMarco's past work was a composite job because any error in the ALJ's finding on that issue was harmless for the reasons set forth above.

## IV. CONCLUSION

For the foregoing reasons, the court affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE